IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAY TREAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-CV-466-JHP-FHM |
| | ) | |
| LIBERTY INSURANCE CORPORATION; | ) | |
| LIBERTY MUTUAL FIRE INSURANCE | ) | |
| COMPANY; LIBERTY MUTUAL | ) | |
| INSURANCE COMPANY; | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER AND OPINION**

Before the Court are Plaintiff Ray Treat's Motion to Remand [Docket No. 13]; Defendant Liberty Mutual Fire Insurance Company's Response in Opposition to the Motion [Docket No. 18]; and Plaintiff Ray Treat's Reply to the Response [Docket No. 19]. For the reasons stated herein, Treat's Motion is GRANTED in part, and DENIED in part.

### **BACKGROUND**

On March 8, 1995, Treat was injured while working in the employ of Service Cooler Company, Inc. Treat sustained injuries to his neck, back, shoulder, and right arm. Treat subsequently filed a workers' compensation action in the Workers' Compensation Court for the state of Oklahoma. At the time, Defendants provided workers compensation insurance to Service Cooler Company. On April 20, 2006, after extensive negotiations, Treat and Defendants reached a settlement of Treat's workers' compensation action whereby Defendants agreed to pay $190,000 on

1

behalf of Service Cooler Company in full settlement of Treat's claim.

When Defendants allegedly failed to timely pay the settlement amount, Treat brought the present action in state court on August 28, 2006, alleging breach of contract and bad faith. On September, 20, 2006, Defendants paid the settlement amount and Treat dismissed with prejudice his breach of contract claim. Treat continues in his prosecution of the bad faith claim.

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") removed the case to this Court on August 28, 2007 [Docket No. 2]. Treat subsequently filed his Motion to Remand, arguing that Liberty Mutual's Notice of Removal failed to establish that Treat's state law claim was for an amount in excess of $75,000. In response, Liberty Mutual argues that Treat has failed to provide information through the discovery process that would allow Liberty Mutual to show that the amount in controversy exceeds the requisite $75,000. Treat additionally alleges that Liberty Mutual's removal was "unreasonable" and seeks attorney's fees incurred as a result of the removal.

## **DISCUSSION**

### **A. The Motion to Remand**

"Except as otherwise expressly provided...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States...embracing the place where such action is pending." 28 U.S.C. § 1441(a). Liberty Mutual contends that this Court has original jurisdiction over this action based upon 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). The record in this case establishes that Plaintiff is a citizen of Oklahoma while Defendants,

2

corporations organized under the laws of Massachusetts and with their principle places of business in Massachusetts, are citizens of Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of [§ 1332]...a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Thus, the Court is left to determine whether the amount in controversy exceeds $75,000.

In *Laughlin v. Kmart Corp.*, the Tenth Circuit set forth the framework by which district courts in this circuit should measure whether the amount in controversy requirement has been satisfied:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].' Moreover, there is a presumption against removal jurisdiction.

50 F.3d at 873 (citations omitted) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). As *Laughlin* makes clear, the amount in controversy "must be affirmatively established on the face of either the petition or the removal notice." *Id*. Moreover, "at a minimum...the jurisdictional amount [must] be shown by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *cert. granted*, 544 U.S. 998 (2005), *aff'd*, 546 U.S. 132 (2005). As the Tenth Circuit observed in *Martin*, "defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the amount in controversy requirement, removal statutes are construed narrowly." *Id*. at 1289-1290.

In his Petition, Plaintiff requests damages "in an amount in excess of $10,000, plus punitive damages in an amount in excess of $10,000." (Pet. at 6.) Because the amount in controversy is not

affirmatively established on the face of Plaintiff's Petition, Liberty Mutual bears the burden of setting forth in its Notice of Removal sufficient underlying facts to support its assertion that the amount in controversy exceeds the jurisdictional limit. *See Barber v. Albertsons, Inc.*, 935 F. Supp.1188, 1192 (N.D. Okla.1996) ("[T]he plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds [$75,000], but also facts underlying defendant's assertion.").

In its Notice of Removal, Liberty Mutual asserts that "the experience of Liberty Mutual's counsel directly supports the assertion that the Plaintiff will eventually seek more than $75,000." (Def.'s Notice of Removal at 2.) As the Ninth Circuit noted in *Gaus*, however, a defendant's "magical incantation" that the amount in controversy exceeds the jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." 980 F.2d at 567. Under *Laughlin*, a removing defendant must also provide sufficient underlying facts to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In support of its assertion that the jurisdictional amount has been satisfied in this case, Liberty Mutual first notes, "the many wildly excessive jury verdicts that have been rendered in insurance bad faith cases in this state during the last 7 years, in which there has often been no correlation whatsoever between the actual and punitive damages awarded by juries when compared to the actual monetary losses incurred by the plaintiffs." (Def.'s Notice of Removal at 2-3.) While Liberty Mutual lists many cases in which "wildly excessive" bad faith judgments were rendered, Liberty Mutual provides no underlying facts which this Court might use to determine whether the

4

present case is in any way analogous to those cases cited by Liberty Mutual.[1] As other cases in this district have made clear, "if the face of the petition does not affirmatively establish that the amount in controversy exceeds [$75,000], then the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts." *Barber*, 935 F. Supp. at 1192. Liberty Mutual, however, opted to remove the present action to this Court without the benefit of any underlying facts establishing the value of Plaintiff's economic losses. Thus, the Court is left with a scant factual basis for Liberty Mutual's assertion that the amount in controversy "is likely to exceed $75,000." (Def.'s Notice of Removal at 4.)

Liberty Mutual justifies this lack of factual basis by pointing to Treat's refusal to stipulate to the amount of damages at issue. (Def.'s Notice of Removal at 6.) Liberty Mutual argues that:

> [a]dopting Plaintiff's theory of removal would result in inequitable burdens being placed on a removing defendant. A plaintiff is the master of his/her pleadings and can preclude removal by simply disavowing the intent to seek in excess of $75,000. However, the Plaintiff in the present case has been presented this opportunity and refused. Following this logic, a plaintiff can effectively prohibit a defendant from removing any action based on diversity jurisdiction by simply refusing to provide the defendant or the Court with a dollar amount being claimed for a period of time equal to one year after the filing of suit, as a party cannot remove an action after one year from the date the suit was filed. The plaintiff could then amend his/her state court pleadings or declare his/her intent to seek in excess of $75,000 and a defendant would be without remedy in regard to removing the action to federal court. Such a result is not equitable.

---

[1] The Court notes Liberty Mutual's assertion that its Notice of Removal "provided ample analogies to similar cases." (Resp. at 7.) The Notice of Removal, however, is devoid of any such analogies, it simply contains a list of bad faith cases with no argument whatsoever on the part of Liberty Mutual showing those cases to be factually analogous to the case at hand. Proper factual analogies could be made by showing that the cases cited are "slow pay" bad faith cases like the present case, that the amount that was untimely paid is similar to the amount involved in the present case, and that the delay in payment in the cited cases is of a similar length to the delay alleged here. *Those* types of factual analogies are the type that would allow this Court to ascertain whether the case before it is likely to involve damages similar to the cited cases.

(Def.'s Notice of Removal at 7.) The Court understands Liberty Mutual's dilemma, but thinks it an easily surmountable one. No case suggest that a plaintiff must make the type of conclusory stipulation Liberty Mutual sought in order to defeat a Notice of Removal. Even in the face of Treat's refusal to make such a stipulation, Liberty Mutual still had at its disposal a multitude of discovery devices through which it could gain the information needed to perform the requisite economic analysis of Treat's claim. In fact, Liberty Mutual's own exhibit shows that it asked for, and received an answer to, its request for "each and every financial loss [Treat] claim[s] to have suffered as a result of the actions of Liberty Mutual," and its request for "the factual and/or evidentiary basis for the allegations made." [Docket No. 18-2 at 4]. These exhibits show that Treat was willing to assert the factual basis for his damages claims, he was just unwilling to attach a dollar amount to those claims. Armed with the factual basis asserted by Treat in response to those interrogatories, Liberty Mutual was equipped to undertake an economic analysis of Treat's claims. The mere fact that Treat was unwilling to undertake Liberty Mutual's economic analysis for it does not relieve Liberty Mutual of its burden of asserting a factual basis for its removal. If Liberty Mutual was dissatisfied with Treat's cooperation in the discovery process, Liberty Mutual had tools at its disposal to compel Treat's cooperation. However, Liberty Mutual made no use of those discovery tools and never sought to compel Treat to provide more information.

The Court, therefore, rejects Liberty Mutual's contention that "a plaintiff can effectively prohibit a defendant from removing any action based on diversity jurisdiction by simply refusing to provide the defendant or the Court with a dollar amount being claimed." (Def.'s Notice of Removal at 7.) Even in such a situation, a defendant can surely look at the facts underlying the claims, compare those to similar cases, and arrive at a reasonable estimation of the dollar amount

being claimed. That type of economic analysis is what *Laughlin* demands, and it is wholly absent from the Notice of Removal filed by Liberty Mutual in this case. What the Court is left with is a case that is removable "because Liberty Mutual says it is." That is not enough. The Court cannot say this strongly enough, *Laughlin* requires a removing defendant to show the underlying *facts* supporting its assertion that the amount in controversy exceeds $75,000. In the absence of such underlying facts, the Court is left with no means to determine whether the claims before it actually exceed $75,000.

Therefore, in light of the presumption against removal and the requirement that removal statutes be narrowly construed, the Court concludes that the underlying facts presented in Liberty Mutual's Notice of Removal are insufficient to meet Liberty Mutual's burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs. As such, this Court lacks original subject matter jurisdiction over this action and must remand the case to state court pursuant to 28 U.S.C. § 1447(c).

**B. The Motion for Attorney's Fees.**

Attorney's fees may be discretionarily awarded to the party forced to file a motion to remand. 28 U.S.C. § 1447(c); *Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1352 (10th Cir. 1997). The propriety of the defendant's removal is central to the determination of whether to impose fees. *Daleske v. Fairchild Communities, Inc.,* 17 F.3d 321, 324 (10th Cir. 1994). In the present case, although the Court has found that Liberty Mutual's Notice of Removal failed to satisfy the legal requirements of this circuit, the Court does not find an award of attorney's fees to be appropriate in this case. The Court is convinced that Liberty Mutual "had a legitimate basis for believing" that the case fell within this Court's jurisdiction. *Id.* That belief simply did not translate into a legally

sufficient Notice of Removal.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Remand and hereby orders the Court Clerk to remand this case to the District Court for Tulsa County. The Motion for Attorney's Fees is DENIED.

IT IS SO ORDERED.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma